## PAUL KRZYZANIAK (ALSO KNOWN AS PAUL GUY) AND OTHERS v. SAINT PAUL MERCURY INDEMNITY COMPANY AND ANOTHER.[1]

May 29, 1941.

No. 32,786.

*V. J. Michaelson,* for appellants.
*Dodge & Dodge,* for respondents.

[1]Reported in 298 N. W. 365.

LORING, JUSTICE.

This was an action against the principal and surety on an administrator's bond, and it comes here on appeal by defendants from a judgment in plaintiffs' favor. The determinative question is whether defendant Joseph Tomczak, administrator *de bonis non* of his father's estate, acted in good faith when he distributed the property of the estate before the time had expired for an appeal from the final decree of distribution by the probate court. The decree was reversed on appeal to the district court.

It appears that Albert Tomczak died May 2, 1928, leaving surviving him a son, the defendant Joseph Tomczak, a daughter Mary Konieska, and these plaintiffs, his grandchildren, who were children of his deceased daughter Collette. His known estate consisted of $1,000 cash, of which he bequeathed $400 to Joseph and $300 to Mary and allocated the other $300 to funeral expenses. The estate was distributed and closed.

During his lifetime decedent sustained a loss of property on account of the forest fire of 1918, part of which had been paid to him by the United States government, which had been operating the railroads at the time of the fire. Under subsequent congressional legislation, a further appropriation to cover his loss was made. Joseph was appointed administrator *de bonis non*, and the defendant indemnity company became his surety. The estate made a claim for the balance of the loss and was allowed $3,829.50. April 5, 1937, the probate court held a hearing in regard to the distribution of this money, and all the grandchildren were present except one, who was represented by his wife. At the conclusion of the hearing the court announced that the money would be distributed 4/7 to Joseph and 3/7 to Mary, apparently on the theory that it was the testator's intention to divide his entire estate in the same proportions that the original bequests were made. The grandchildren were not represented by an attorney at this hearing, and there is evidence tending to show that at its conclusion they expressed their dissatisfaction with the court's decision and announced their intention to see a lawyer about it. April 16, 1937,

the probate court made its final decree in conformity with its previous announcement, and on April 29, 1937, Joseph paid 4/7 of the money to himself and on May 1, 1937, the remaining 3/7 to Mary. May 5 Joseph presented proof to the probate court of the making of the distribution in accordance with its final decree, and the court thereupon made its order discharging and releasing Joseph as administrator and his surety from further liability. May 13 the grandchildren appealed from the final decree of distribution, and the district court reversed the decision of the probate court and held that the decedent died intestate as to this fund and that the grandchildren were each entitled to the sum of $318.73. Thereafter the grandchildren demanded of Joseph the amounts decreed to them and, upon his refusal to pay, obtained an order from the probate court for leave to sue on the administrator's bond. The action resulted in a judgment for the grandchildren in the sum of $1,174.92. From this judgment defendants appeal.

It is conceded by both parties that it is the general rule that a decree of distribution made by a probate court with jurisdiction is a complete protection to a representative who makes distribution thereunder in good faith and without negligence, though the time for appealing from the decree has not expired, or the decree is subsequently reversed. 3 Dunnell, Minn. Dig. (2 ed. & 1932 Supp.) § 3660a, and cases cited in note 54. The respondents contend that the facts do not bring the case within the rule. The trial court found in their favor on the ground that the distribution was not made in good faith. Appellants contend that there is no evidence which justifies such a finding or that tends to show that Joseph received, directly or indirectly, any information that the grandchildren intended to appeal from the probate court's final decree of distribution or that he acted in bad faith in making the distribution.

Three witnesses testified that at the probate court hearing of April 5 Joseph was told by one of the grandchildren that they were going to see a lawyer about the decision, although Joseph

denies hearing such a statement. The probate judge testified that the grandchildren appeared to be dissatisfied with his decision. John Krzyzaniak, plaintiffs' father, testified (and Joseph admitted) that Joseph attempted to make a settlement with him for the grandchildren's interests in the fire claim the day before he made the distribution. In their answers defendants alleged an agreement between Joseph and the grandchildren whereby the latter were to relinquish to Joseph and Mary their rights in the fire claim in exchange for an alleged personal injury claim, even though this agreement was alleged to have been made at a time when Joseph knew that by the probate court's decree of distribution the grandchildren were entitled to nothing. Joseph admitted on cross-examination that the alleged agreement was made with the grandchildren "so they would keep their mouth shut." He also testified that he figured the grandchildren were going to insist on their rights in the estate.

The administrator was a trustee of the property of the estate and bound to administer it in good faith. He was bound to the highest degree of integrity in his relations therewith, especially where, as here, he was the chief beneficiary of the decree which was subsequently reversed. Its error was obvious to the least learned. The circumstances which appear in the record indicate that even he, as a layman, suspected the error of the disposition to be made by the decree and sought to make a settlement which would protect him against any attack which might be made by the grandchildren. Under such circumstances, his conduct should be subjected to the closest and most critical scrutiny.

We think the evidence supports the court's finding that Joseph did not act in good faith when he distributed the property of the estate before the expiration of the time to appeal from the final decree of distribution.

Judgment affirmed.